MISSOURI STATE LIFE INSURANCE COMPANY *v*. WITHERS.

4-3389

Opinion delivered March 26, 1934.

1132

1134

*George Pike, F. A. Isgrig, A. D. DuLaney* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Meehan & Moncrief, Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellee.

KIRBY, J., (after stating the facts). The opinion in *Missouri State Life Ins. Co.* v. *Foster, ante* p............., written by our learned Chief Justice in a like case, handed down this date, is controlling in all respects herein.

The policies and certificates of insurance herein do not, by express terms or by implication, make the giving of notice of the disability a condition precedent to the right of recovery; and, as said in the Foster case, *supra*: "We are definitely committed to the doctrine that liability attaches under contracts of insurance similar to the one under consideration upon causation of the injury, and it necessarily follows from this that no subsequent act or acts of the parties can destroy the liability thus created. Notice was not made a condition precedent to the right of recovery under the certificate and policy here under consideration, therefore a suit may be brought and maintained within the statutory period of limitations. Forfeitures cannot and should not be declared when the rights of parties have become vested; therefore the payment or nonpayment of premiums subsequent to the causation of the injury is immaterial."

When the premiums became due on these certificates, for the nonpayment of which they were attempted to be forfeited, the appellant company had in its possession sufficient funds belonging to the appellee under said contracts to have paid the premiums, if it had been so applied, and, such being the case, the insurer was bound to apply such funds in its possession to avoid a forfeiture. *Mo. State Life Ins. Co.* v. *Foster, ante* p. 1116, and cases there cited.

On the whole case, we find no prejudicial error in the record, and, said case being controlled by the Foster case, *supra,* the judgment is affirmed.